IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESUS MANUEL TORRES,  :  <br>    Petitioner               : <br>                                     : <br>            v.                    : <br>                                 : <br>GREGORY BRIGGS,        : <br>    Respondent           : | No. 1:23-cv-00976 <br><br>(Judge Kane) |

**MEMORANDUM**

Petitioner Jesus Manuel Torres ("Petitioner"), who is a pretrial detainee confined at Dauphin County Prison in Harrisburg, Pennsylvania, has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241"). (Doc. No. 1.) He challenges his ongoing state court criminal proceedings by arguing, inter alia, that his right to a speedy trial, as prescribed by Rule 600 of the Pennsylvania Rules of Criminal Procedure, has been violated. (Id.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. § 2254, which is applicable to Section 2241 petitions under Rule 1(b), the Court has given his petition preliminary consideration. For the reasons set forth below, the Court will dismiss his petition.

I.   BACKGROUND

On June 13, 2023, Petitioner commenced the above-captioned action by filing a petition for a writ of habeas corpus pursuant to Section 2241. (Doc. No. 1.) In addition to the petition, Petitioner also filed a motion for leave to proceed in forma pauperis (Doc. No. 2) and his prisoner trust fund account statement (Doc. No. 7). The Court, having reviewed Petitioner's motion (Doc. No. 2) and trust fund account statement (Doc. No. 7), will grant him leave to proceed in forma pauperis (Doc. No. 2) and will deem his Section 2241 petition (Doc. No. 1) filed.

In his Section 2241 petition, Petitioner explains that he is being detained on the following criminal charges: possession with intent to manufacture or deliver; marijuana—small amount for personal use; and use/possession of drug paraphernalia. (Doc. No. 1 at 2.) In support, he cites to the docket number of his criminal case, CP-22-CR-0000967-2022. (Id. at 1, 2, 8.) The Court takes judicial notice of the docket sheet in his criminal case, which is available through the Unified Judicial System of Pennsylvania Web Portal at https://ujsportal.pacourts.us/CaseSearch. See Commonwealth v. Torres, CP-22-CR-0000967-2022 (Dauphin Cnty. Ct. Com. Pl., filed Feb. 22, 2022). The docket sheet reflects that Petitioner is awaiting "Plea Court" on his pending criminal charges. (Id.) And, most recently, the docket sheet reflects an annotation for July 3, 2023, that "Plea Court [was] Continued – Defendant Not Ready[.]" See id.

In connection with his pending criminal charges, Petitioner alleges that he has been detained for more than three-hundred and sixty-five (365) days on a state parole detainer in violation of Rule 600 of the Pennsylvania Rules of Criminal Procedure. (Doc. No. 1 at 2, 8.) Rule 600 is Pennsylvania's speedy trial rule. See Pa. R. Crim. P. 600; Com. v. Bradford, 46 A.3d 693, 700 (Pa. 2012) (explaining that the Pennsylvania Supreme Court "adopted Rule 600, and its predecessor Rule 1100, to protect defendants' constitutional rights to a speedy trial under the Sixth Amendment of the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution . . ." (citation omitted)). Under Rule 600, a defendant shall not be held in pretrial incarceration for more than one-hundred and eighty (180) days after a complaint is filed, except in cases in which the defendant is not entitled to immediate release on bail. See Pa. R. Crim. P. 600(B)(1); Pa. R. Crim. P. 600(C) (explaining what days are included and excluded from the computation of time).

In addition to the asserted violation of Rule 600, Petitioner also contends that there is no evidence of probable cause for his new criminal charges. (Id. at 7 (stating that, after sixteen (16) months there have been "no PSP lab results" and "no proof of [a] controlled buy[,] money[,] or drugs[,]" and, thus, there was no probable cause for the affidavit); id. (stating that the "warrant" was never sealed by the judge and that the police officer who authored the warrant signed it "as if he was a judge").) And, finally, Petitioner claims that his Sixth Amendment right to counsel has been violated because he has been "abandoned twice by [the] Public Defenders' Office[,]" and that he was "never" informed of, or agreed to, any continuances in his criminal case. (Id. at 6.) In connection with all of these allegations, Petitioner requests that this Court dismiss his criminal case with prejudice, investigate the false "warrant[,]" reprimand all persons involved in the violation of his rights, and immediately release him from jail. (Id. at 8.)

Of particular importance here, however, is that there is no indication that Petitioner presented his federal habeas claims to the state courts before commencing suit in this Court. (Doc. No. 1.) Thus, for the reasons discussed below, the Court will summarily dismiss the instant Section 2241 petition, but without prejudice to Petitioner refiling the same once the state court has had the opportunity to consider his arguments.

## II.   LEGAL STANDARD

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254. Rule 4, which is applicable to Section 2241 petitions under Rule 1(b), provides in pertinent part as follows: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See Rule 4, 28 U.S.C. § 2254; Rule 1, 28 U.S.C. § 2254 (stating that

"[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)[,]" i.e., Section 2254 petitions).

### III. DISCUSSION

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy[.]" Moore v. DeYoung, 515 F.2d 437, 441 (3d Cir. 1975) (citations and footnote omitted). That being said, federal district courts have pretrial habeas corpus jurisdiction if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[.]" See 28 U.S.C. § 2241(c)(3). As explained by the United States Court of Appeals for the Third Circuit, however, such pretrial jurisdiction "without exhaustion should not be exercised . . . unless extraordinary circumstances are present." See Moore, 515 F.2d at 443 (collecting cases). And, where no extraordinary circumstances are present, federal district courts are to only exercise such pretrial jurisdiction if a petitioner makes "a special showing" of the need "to litigate the merits of a constitutional defense to a state criminal charge[,]" and the petitioner "has exhausted state remedies." See id. (citation omitted).

Here, the Court finds that Petitioner has not exhausted his state court remedies. Indeed, Petitioner has neither alleged nor shown that he made any attempt to exhaust state court remedies or that such state court remedies were unavailable to him. See (Doc. No. 1). In addition, Petitioner's state court docket sheet reveals that he has made no such attempt. See Commonwealth v. Torres, CP-22-CR-0000967-2022 (Dauphin Cnty. Ct. Com. Pl. filed Feb. 22, 2022). Petitioner, however, was required to do so before commencing suit in this Court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004) (explaining that, before seeking federal habeas relief, a "state prisoner must exhaust available state remedies, . . . thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights" (citations,

4

internal citation, and internal quotation marks omitted)); Mathias v. Superintendent Frackville SCI, 876 F.3d 462, 479 (3d Cir. 2017) (explaining that, "[t]o satisfy this requirement, a petitioner must 'fairly present' his federal claim's 'factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted'" (quoting Robinson v. Beard, 762 F.3d 316, 328 (3d Cir. 2014))).

Thus, because Petitioner has not exhausted his state court remedies, the Court must next determine whether he has shown any extraordinary circumstances that would warrant this Court's review of his constitutional claims before the state courts have had the opportunity to do so. The United States Court of Appeals for the Third Circuit has noted that, under the appropriate situations, extraordinary circumstances might reveal "delay, harassment, bad faith or other intentional activity[.]" See Moore, 515 F.2d at 447 n.12.

Here, Petitioner has invoked the Sixth Amendment to the United States Constitution based upon allegations that he was "abandoned twice by [the] Public Defenders' Office" and that he was "never" informed of, or agreed to, any continuances in his criminal case. (Doc. No. 1 at 6.) In addition, Petitioner has invoked Pennsylvania's speedy trial rule, i.e., Rule 600, and has argued that he is entitled to dismissal of his pending criminal charges and immediate release from jail. (Id. at 8.) Given, however, that federal district courts only have pretrial habeas corpus jurisdiction if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[,]" see 28 U.S.C. § 2241(c)(3), and that Petitioner is proceeding pro se, the Court will liberally construe his Rule 600 argument as asserting a violation of his Sixth Amendment right to a speedy trial. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (explaining that pro se pleadings are held to "less stringent standards" than pleadings drafted by lawyers (citation and internal quotation marks omitted)); Workman v. Superintendent Albion SCI, 915

F.3d 928, 941 (3d Cir. 2019) (explaining that pro se habeas petitions should be "read generously" and given "liberal construction" (citations and internal quotation marks omitted)).

Even when the Court liberally construes his Section 2241 petition, however, the Court finds that Petitioner has not demonstrated any extraordinary circumstances that would warrant this Court's exercise of pretrial habeas corpus jurisdiction. See, e.g., Moore, 515 F.2d at 446, 449 (holding that the alleged denial of petitioner's right to a speedy trial does not constitute a "per se extraordinary circumstance" as to require federal intervention prior to exhaustion of state court remedies and explaining that the petitioner would have "an opportunity to raise his claimed denial of the right to a speedy trial during his state trial and any subsequent appellate proceedings in the state courts" (internal quotation marks omitted)); Wilson v. Sec'y Pennsylvania Dep't of Corr., 782 F.3d 110, 118 (3d Cir. 2015) (recognizing that "[n]othing in the nature of the speedy trial right . . . qualif[ies] it as a per se extraordinary circumstance exempt from the exhaustion requirement" and thus holding that the district court did not err when it required petitioner to exhaust in state court the new claims that he had raised in his Fed. R. Civ. P. 60(b) motion, wherein he argued that he was denied his constitutional right to a speedy trial) (citation and internal quotation marks omitted)); Green v. Aviles, No. 22-cv-07270, 2023 WL 2213932, at *1 (D.N.J. Feb. 24, 2023) (explaining that "[t]here is nothing extraordinary about a Sixth Amendment ineffective assistance of counsel claim that requires federal court interference in state criminal proceedings[,]" and, thus, declining "to exercise pretrial habeas jurisdiction over th[e] matter under [Section] 2241, for failure to exhaust state court remedies" (citation and internal citation omitted)).

And, finally, the Court notes that, in connection with his unexhausted claims, Petitioner is not seeking to enforce the state's duty to afford him a trial, but rather, he is seeking to disrupt

that duty by preventing a trial (or "Plea Court") from happening in the first place. (Doc. No. 1 at 8 (containing Petitioner's Section 2241 petition, wherein he seeks, inter alia, dismissal of his criminal case "with prejudice" and immediate release from jail); see Moore, 515 F.2d at 445–46 (cautioning against the exercise of federal habeas corpus review where a petitioner is attempting to "abort a trial in the state courts" by seeking dismissal of the pending state charges, as it would authorize pretrial interference by the federal district court in the ordinary functioning of the state court criminal process).[1]

Thus, for all of these reasons, the Court concludes that Petitioner is not entitled to the pretrial relief that he seeks in his Section 2241 petition. The Court will, therefore, dismiss his petition, but without prejudice to him refiling it once the state courts have had the opportunity to consider his constitutional claims. See generally Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992), cert. dismissed, 113 S. Ct. 1071 (1993) (instructing that "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings"); Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005) (explaining that, "[b]y requiring exhaustion, federal courts recognize that state courts, no less than federal courts, are bound to safeguard the federal rights of state criminal defendants" (citation and internal quotation marks omitted)).

---

[1] Notably, Petitioner also appears to assert a challenge to the sufficiency of the evidence in his Section 2241 petition. (Doc. No. 1 at 7.) It is unclear, however, upon what legal basis he seeks to assert this claim. In any event, the Court's analysis for this federal habeas claim remains the same: Petitioner has asserted this challenge before the Commonwealth of Pennsylvania has had an opportunity to try him on the pending criminal charges or pass upon the merits of his challenge to the sufficiency of the evidence underlying those charges.

IV.     CONCLUSION

To conclude, the Court has given the instant Section 2241 petition preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases and that review reveals that the petition is subject to dismissal.  Specifically, the Court finds that there are ongoing state court criminal proceedings and that Petitioner has not exhausted his state court remedies or otherwise shown any extraordinary circumstances that would warrant pretrial habeas corpus review without exhaustion.  Additionally, the Court will not issue a certificate of appealability because jurists of reason would not debate this procedural ruling.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (stating that when a habeas corpus petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").  Accordingly, the Court will dismiss the petition, but without prejudice to Petitioner renewing the same after he has availed himself of the remedies afforded by state law.[2]

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[2] As discussed above, Petitioner alleges that he is being detained at Dauphin County Prison on a state parole detainer.  (Doc. No. 1 at 2.)  In his petition, Petitioner also makes references to prior criminal matters for which he was sentenced in 2011 in Lebanon County, Pennsylvania.  (Id. at 1; 5 (appearing to assert issues with this "illegal sentence").)  Despite Petitioner's broad references to his 2011 sentence, the gravamen of his Section 2241 petition is grounded in his pending criminal charges.